

**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

JOSHUA TROPPER
Direct Dial: 404.223.2210
Direct Fax: 404.238.9610
E-Mail Address:jtropper@bakerdonelson.com

MONARCH PLAZA
SUITE 1600
3414 PEACHTREE ROAD N.E.
ATLANTA, GEORGIA 30326
PHONE:  404.577.6000
FAX:       404.221.6501

www.bakerdonelson.com

February 10, 2010

**VIA ELECTRONIC FILING**

Hon. Claire C. Cecchi
U.S. Magistrate Judge
M.L. King Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, New Jersey 07102

    re:    *Everett Laboratories, Inc. v. River's Edge Pharmaceuticals, LLC*
            Case No. 09-cv-03458 (JLL) (CCC)

Dear Judge Cecchi:

        This letter is written pursuant to Local Rule 37.1(a)(1), to present an unresolved discovery issue to Your Honor.

        Plaintiff has served 227 Requests for Admission on River's Edge, in two sets. A copy of the Second Set is enclosed for convenient reference. Most of these are designed to evade the Court's limitation on the number of interrogatories. Plaintiff can only ask "Did Defendant ever do thus-and-such?" 25 times, but there is no limit on the frequency with which Plaintiff can request that Defendant "Admit that Defendant did thus-and-such." To the extent that Plaintiff is just fishing, and has no good faith basis for posing such requests, River's Edge respectfully suggests that it is a discovery abuse to thus evade the limit on interrogatories to which Plaintiff acceded in the Joint Discovery Plan.

        A stark example of such abuse is that 35 of the requests in Plaintiff's Second Set of Requests for Admission (Nos. 149-183) inquire into supposed communications between River's Edge and a third party, 30 of which do not even mention the products at issue in the claims now pending before this Court. Everett's counsel has asserted that such inquiries are justified because Everett sees signs of a conspiracy in its perception that an unspecified Breckenridge product arrived on the market in competition with some Everett product at about the time that River's Edge and Everett settled their previous litigation. Even if there were a shred of legitimacy to such fears, there is no plausible way that any evidence of communications between River's Edge and any third party can be material to the question of whether River's Edge infringed on a trademark owned by Everett, or even to the question of whether Everett has suffered any damages as a result. Nothing any third party has said or done can have any bearing on the issues before the Court.

As a result of Judge Linares's Order staying all claims relating to Plaintiff's "Select-OB" product and River's Edge's "Edge-OB" product, the only claims now asserted by Everett against River's Edge are for trademark infringement and unfair competition relating to River's Edge's "VitaPhil" products. There is no allegation of conspiracy. "Discovery should be tailored to the issues involved in the particular case." *Mack Boring & Parts Co. v. Novis Marine, Ltd.*, 2008 U.S. Dist. LEXIS 98479, *3 (D.N.J. 2008). Before a plaintiff is permitted to inquire beyond the practices at issue in the case, it must show a more particularized need and relevance. *Robbins v. Camden City Bd. of Education*, 105 F.R.D. 49, 62 (D.N.J. 1985).

During a discussion among counsel concerning Request Nos. 149-183, counsel for Everett refused to state any factual basis for Everett's assertion of a conspiracy between River's Edge and Breckenridge other than timing. Counsel for Everett then refused to discuss other issues raised by Everett's Second Set of Requests for Admission. However, much of the Second Set continues the pattern of utter lack of relevance. In brief:

- Ten Requests (Nos. 184-193) ask about unrelated products having been offered "in conjunction with" the products actually at issue in this action. Aside from the multiple ambiguities (What does "in conjunction with" mean in this context? Are these Requests limited to River's Edge's sales of these products, or does it include the activities of others in the distribution chain?), it is difficult to imagine how these questions can relate to the subject matter of the lawsuit. It seems that Everett is just using these to gain competitive intelligence about other products.

- Then Plaintiff poses ten requests (Nos. 194-203) about "complaints," five of which are explicitly about products "other than" the only ones at issue here. Any possible relevance of complaints about these specific products would be speculative, at best, but there is no plausible basis for delving into requests about other products. Requested information is not relevant to the pending action if the inquiry is based on the party's mere suspicion or speculation. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990).

- Next, Plaintiff asks for several admissions (Nos. 204-209) concerning what River's Edge has said about the regulatory status of its products – and only one of the requests in this batch is limited to the products at issue in this case. Even that one request cannot possibly be material because, as Everett knows and pleads - River's Edge does not market these products to patients (who could be confused by such references), or even to pharmacists or physicians (who should know better). In any event, River's Edge is not being accused of falsely advertising the regulatory status of its products. These requests, too, are simply outside the bounds of permissible discovery.

For these reasons, Defendant River's Edge Pharmaceuticals, LLC, respectfully requests an order that it not be required to respond to Plaintiff's Requests for Admission Nos. 149-217, or that River's Edge be permitted to file a formal motion seeking such relief.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

Joshua Tropper

JT/ms
enc.

cc (w/encl.):   All counsel via electronic filing