

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

Robert J. Schoenberg
Partner

Direct:
tel: 973.451.8511
fax: 973.451.8604
rschoenberg@riker.com
Reply to: Morristown

March 5, 2010

*Via Hand Delivery and CM/ECF*

Hon. Claire C. Cecchi, U.S.M.J.
United States District Court
M.L. King, Jr. Federal Courthouse
50 Walnut Street, Rm. 2064
Newark, NJ 07102

Re: **Everett Laboratories, Inc. v. Rivers Edge Pharmaceuticals, LLC
Civil Action No. 09-3458 (JLL) (CCC)**

Dear Judge Cecchi:

This letter follows up on correspondence previously submitted to the Court by our client, plaintiff Everett Laboratories, Inc. ("Plaintiff" or "Everett"), dated February 12, 2010, and the defendant River's Edge the Pharmaceuticals, LLC ("River's Edge" or "Defendant"), dated February 10, 2010, relating to the refusal of River's Edge to produce any discovery concerning its dealings with Breckenridge Pharmaceutical, Inc. ("Breckenridge"), and in response to various other categories of information and documents requested by Everett.

In its February 10 letter, River's Edge stated that it should not be required to respond to requests for admission regarding Breckenridge because "there is no plausible way that any evidence of communications between River's Edge and any third party can be material to the question of whether River's Edge infringed on a trademark owned by Everett, or even to the question of whether Everett has suffered any damages as a result." Letter, at 1 (emphasis added).

Item 1 of our February 12 response explained why there was "clearly no legitimate basis for River's Edge to bar all discovery into its relationship with Breckenridge to the extent that relationship involves Everett." Letter, at 2. As discussed in our letter, the evidence of joint activities between River's Edge and Breckenridge relating to Everett is relevant to, among other things, whether (1) River's Edge acted *willfully* in infringing Everett's trademark rights in "Vitafol" by using "VitaPhil" to label and market River's Edge's generic prenatal nutritional supplement; and (2) this case is "exceptional" under the Lanham Act because of bad faith, or malicious, fraudulent, deliberate or willful conduct by River's Edge. Id. at 2-4. We also noted

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Claire C. Cecchi, U.S.M.J.
March 5, 2010
Page 2

that, when we received the River's Edge letter, we had been in the process of drafting a letter to Your Honor regarding River's Edge's refusal to produce any discovery relating to its relationship with Breckenridge as it concerns Everett – not only the requests for admission, but also Document Request Nos. 111-115.

As set forth in the Scheduling Order, fact discovery on all non-stayed portions of the case is due to close May 1, 2010. We have noticed depositions of River's Edge personnel to start in early April. We would very much like to have within our possession the discovery we have requested from River's Edge relating to any coordinated activities with Breckenridge vis-à-vis Everett prior to those depositions. This includes the responses to Everett Document Requests 111-115, as well as the requests for admissions that are the subject of the February 10 letter from River's Edge. We also would like to receive from River's Edge the other discovery items referenced in Items 2 through 6 of our February 12 letter. Given the short time period between now and the commencement of the depositions, we are looking to guidance from the Court as to how to proceed so that the pending dispute over River's Edge's refusal to provide the requested discovery items may be resolved prior to that time.

Please advise if there is anything else we can do to assist the Court in having these issues resolved. For the convenience of the Court we enclose additional copies of the February 10 and 12 letters, and a copy of Everett's Document Requests to River's Edge and the response of River's Edge thereto.

Thank you for your consideration of this matter.

Respectfully,

Robert J. Schoenberg

RJS/cm
Enclosures (4)
cc:   Counsel of record
      (via CM/ECF)

4023242.1