**KRAEMER, BURNS, MYTELKA,**
   **LOVELL & KULKA, P.A.**
**Diane Stolbach, Esq. (1439)**
675 Morris Avenue
Springfield, New Jersey 07081
(973) 912-8700
Attorneys for Defendant
River's Edge Pharmaceuticals, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| EVERETT LABORATORIES, INC.<br>Plaintiff,<br><br>v.<br><br>RIVER'S EDGE PHARMACEUTICALS, LLC,<br><br>Defendant. | DOCKET NO: 2:09-cv-03458 (JLL)(CCC)<br><br>**ORDER TO SEAL CERTAIN CONFIDENTIAL MATERIALS PURSUANT TO FED. L. CIV. R. 5.3(c)(6)** |
|---|---|

This matter being brought to the Court by Kraemer, Burns, Mytelka, Lovell & Kulka, P.A., attorneys for Defendant River's Edge Pharmaceuticals, LLC, ("River's Edge") for an Order pursuant to Local Civil Rule 5.3(c)(6) to seal River's Edge's Brief in Support of its Motion to Dismiss Plaintiff's Amended Complaint dated March 8, 2010; and the Court having considered the submissions of the parties, and good cause appearing, hereby makes the following findings of fact and

conclusions of law:

1. On March 8, 2010 River's Edge filed a Motion to Dismiss and Supporting Brief in response to Plaintiff's Amended Complaint. River's Edge's brief refers to, and quotes significant language from, a Settlement Agreement dated June 2008 between Everett Laboratories, Inc. and River's Edge in a prior action captioned <u>Everett Laboratories, Inc. v. River's Edge Pharmaceuticals, LLC,</u> Civil Action No. 08-0075 (KSH) ("Everett I") brought in the United States District Court for the District of New Jersey (the "Settlement Agreement").

2. The Settlement Agreement includes a confidentiality provision at paragraph 20 which provides in pertinent part:

> Non-Disclosure: The Parties agree that they will not discuss, publicize, e-mail, issue a press release, post on the Internet, or otherwise communicate, disclose or disseminate any information concerning the negotiation of the Agreement or the merits of the claims asserted in the Lawsuit, except (a) they may disclose in sum or substance that "A settlement was reached between the parties, the substance of which is confidential," (b) as required by law or valid court order, or (c) as otherwise required to their attorneys, financial advisors, accountants, or tax preparers.

3. The Court has previously considered the issue raised by this motion, in the context of Plaintiff's motion for a preliminary injunction regarding the trademark claims that are at issue now in Defendant's motion to dismiss, and determined that the parties have a legitimate, private interest in maintaining the

Case 2:09-cv-03458-JLL-CCC Document 116 Filed 04/06/10 Page 3 of 4 PageID: 2394
Case 2:09-cv-03458-JLL-CCC Document 106-2 Filed 03/08/10 Page 3 of 4

confidentiality of the Settlement Agreement between them concerning disputes involving sensitive commercial, proprietary, financial and research and development information relating to certain vitamin products. The Court finds that the disclosure of such information would injure the parties' ability to compete and effectively maintain their respective trade secrets.

5. The parties have a substantial and compelling interest in maintaining the confidentiality of the Settlement Agreement and the Binding Settlement Term Sheet which will be jeopardized if the relief sought is not granted.

6. The court finds that there is no less restrictive alternative to protect the parties' interests. Only the above described document will be restricted from public access, which is a necessary compromise in this litigation between private litigants.

7. The Court recognizes that although there is a presumptive right of public access to judicial proceedings and records, such right is not absolute.

IT IS on this 6th day of April, 2010,

**ORDERED** that, the unredacted Brief in Support of Defendant River's Edge Pharmaceuticals, LLC's Motion to Dismiss dated March 8, 2010 and filed in response to Plaintiff's Amended Complaint shall be sealed from the public record until further order of this Court.

*s/Claire C. Cecchi*
_____
Claire C. Cecchi, U.S.M.J.